UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOVAN HARDWICK,

   Plaintiff,

CASE NO.:

-VS-

SUNRISE CREDIT SERVICES, INC.,

   Defendant.

_____/

## COMPLAINT

1. Plaintiff alleges violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA"), the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq.* ("FCCPA") and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq.* ("FDCPA").

## INTRODUCTION

2. The TCPA was enacted to prevent companies like SUNRISE CREDIT SERVICES, INC. ("Sunrise") from invading American citizen's privacy and prevent abusive "robo-calls."

3. "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, -US--, 132 S.Ct. 740, 745, 181 L.Ed. 2d 881 (2012).

4. "Senator Hollings, the TCPA's sponsor, described these calls as 'the *1256 scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.' 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

1

5. According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." https://www.fcc.gov/document/fact-sheet-consumer-protection-proposal

## JURISDICTION AND VENUE

6. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. §1331.

7. The alleged violations described in the Complaint occurred in Pinellas County, Florida.

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person, and citizen of the State of Florida, residing in Pinellas County, Florida

9. Plaintiff is a "consumer" as defined in Florida Statute 559.55(8) and 15 U.S.C. § 1692(a)(3).

10. Plaintiff is an "alleged debtor."

11. Plaintiff is the "called party." See *Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

12. Defendant, Sunrise, is a corporation with its principal place of business at 260 Airport Plaza, Farmingdale, NY 11735 and conducting business in the state of Florida through its registered agent, CT Corporation System, 1200 South Pine Island Rd., Plantation, FL 33324.

13. Defendant is a "debt collector" as defined by Florida Statute § 559.55(7) and 15 U.S.C. § 1692(a)(6).

14. The debt that is the subject matter of this complaint is a "consumer debt" as defined by Florida Statute §559.55(6) and U.S.C. § 1692(a)(5).

15. Sunrise called the Plaintiff approximately two thousand five hundred (2,500) times since February 1, 2015, in an attempt to collect a debt.

16. Sunrise attempted to collect a debt from the Plaintiff by this campaign of telephone calls.

17. Sunrise intentionally harassed and abused Plaintiff on numerous occasions by calling several times during one day, and on back to back days, with such frequency as can reasonably be expected to harass.

18. On information and belief, the telephone calls were placed using automated telephone dialing equipment, without human intervention

19. Each call Sunrise made to the Plaintiff was made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers as specified by 47 U.S.C §227(a)(1).

20. Each call Sunrise made to the Plaintiff's cell phone was done so without the "express permission" of the Plaintiff.

21. Beginning on or about February 1, 2015 Plaintiff began receiving automated calls to his cellular telephone (***-***-9863) from Sunrise concerning a student debt.

22. Plaintiff was diagnosed with cancer in and as a result fell behind in making full payments on his student loan.

23. On approximately six (6) occasions Plaintiff spoke to agents of Sunrise and explained that he was paying what he could afford and to please stop calling him.

24. Despite Plaintiff's pleas for cessation, Sunrise continued to bombard his cellular telephone with automated calls seeking payment.

25. Due to the tremendous volume of calls received Plaintiff was not able to catalogue each and every call Sunrise made to him, however below is a small sampling of said calls:

3

i) Two (2) calls on April 10, 2015 from 727-666-7968

ii) One (1) call on April 14, 2015 from 727-666-7978

iii) One (1) call on April 15, 2015 from 727-666-7988

iv) One (1) call on April 20, 2015 from 727-666-7978

v) One (1) call on April 23, 2015 from 727-666-7978

vi) One (1) call on April 28, 2015 from 727-666-7968

vii) One (1) call on April 29, 2015 from 727-666-7978

viii) One (1) call on April 30, 2015 from 727-666-7988

ix) Two (2) calls on May 5, 2015 from 727-666-7978

x) One (1) call on May 6, 2015 from 727-666-7988

xi) One (1) call on May 7, 2015 from 727-666-7968

xii) One (1) call on May 8, 2015 from 727-666-7978

xiii) One (1) call on May 11, 2015 from 727-666-7978

xiv) One (1) call on May 12, 2015 from 727-666-7988

xv) One (1) call on May 13, 2015 from 727-666-7968

xvi) One (1) call on May 14, 2015 from 727-666-7978

xvii) Two (2) calls on May 15, 2015 from 727-666-7988

xviii) One (1) call on May 16, 2015 from 727-666-7968

xix) Two (2) calls on May 18, 2015 from 727-666-7988

xx) Two (2) calls on May 20, 2015 from 727-666-7978

xxi) One (1) call on May 22, 2015 from 727-666-7968

xxii) One (1) call on May 23, 2015 from 727-666-7978

xxiii) Two (2) calls on May 27, 2015 from 727-666-7988

xxiv) Three (3) calls on May 28, 2015 from 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

xxv) One (1) call on May 29, 2015 from 727-666-7978

xxvi) One (1) call on June 1, 2015 from 727-666-7978

xxvii) One (1) call on June 10, 2015 from 727-666-7978

xxviii) Two (2) calls on June 8, 2015 from 727-666-7978

26. Sunrise has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to individuals just as they did to the Plaintiff's cellular telephone in this case.

27. Sunrise has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, just as they did to the Plaintiff's cellular telephone in this case, with no way for the consumer, or Sunrise, to remove the number.

28. Sunrise's corporate policy is structured as to continue to call individuals like the Plaintiff, despite these individuals explaining to Sunrise that they wish for the calls to stop.

29. Sunrise has numerous other federal lawsuits pending against them alleging similar violations as stated in this complaint.

30. Sunrise has numerous complaints against them across the country asserting that their automatic telephone dialing system continues to call despite being requested to stop.

31. Sunrise has had numerous complaints from consumers against them across the country asking to not be called, however the Defendant continues to call.

32. Attached hereto as Exhibit "1" is a sampling of the ninety-four (94) complaints filed with the Consumer Protection Bureau (www.consumerfinance.gov) against Sunrise since 2013, which include but are not limited to, issues categorized as "Frequent or repeated calls" and "Called after sent written cease of comm."

33. Sunrise corporate policy provided no means for the Plaintiff to have his number removed from the call list.

34. Sunrise has a corporate policy to harass and abuse individuals despite actual knowledge that the called parties do not wish to be called.

35. Plaintiff did not expressly consent to Sunrise's placement of telephone calls to Plaintiff's cellular telephone by the use of an automatic telephone dialing system or a pre-recorded or artificial voice prior to Sunrise's placement of the calls.

36. None of Sunrise's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

37. Sunrise willfully and/or knowingly violated the TCPA with respect to the Plaintiff.

## COUNT I
### (Violation of the TCPA)

38. Plaintiff incorporates Paragraphs one (1) through thirty-seven (37).

39. Defendant willfully violated the TCPA with respect to the Plaintiff, especially for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant that Defendant was calling the wrong number and to stop calling Plaintiff.

40. Defendant knowingly violated the TCPA with respect to the Plaintiff, especially for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant that Defendant was calling the wrong number and to stop calling Plaintiff.

41. Sunrise repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Sunrise for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT II
### (Violation of the FCCPA)

42. Plaintiff incorporates one (1) through thirty-seven (37).

43. At all times relevant to this action Sunrise is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

44. Sunrise has violated Florida Statute §559.72(7) by willfully communicating with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family.

45. Sunrise has violated Florida Statute §559.72(7) by willfully engaging in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

46. Sunrise's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute §559.77.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Sunrise for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT III
### (Violation of the FDCPA)

47. Plaintiff incorporates one (1) through thirty-seven (37).

48. At all times relevant to this action Sunrise is subject to and must abide by 15 U.S.C. § 1692 *et seq.*

49. Sunrise has violated 15 U.S.C. § 1692(d) by willfully engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

7

50.   Sunrise has violated 15 U.S.C. § 1692(d)(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

51.   Sunrise has violated 15 U.S.C. § 1692(f) by using unfair and unconscionable means to collect or attempt to collect any debt.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Sunrise for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully submitted,

_____
William Peerce Howard, Esq.
Morgan & Morgan, Tampa, P.A.
One Tampa City Center
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tele: (813) 223-5505
Fax: (813) 223-5402
bhoward@forthepeople.com
Florida Bar #: 0103330
Attorney for Plaintiff